UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHANTEA TAMIKA TERRELL,

    Plaintiff,

v.                                  Case No.:  2:23-cv-552-SPC-NPM

J. PAULETTE, GARY, GASTON
and RIMES,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Chantea Tamika Terrell's Complaint (Doc. 1). Terrell is a prisoner in Missouri, but she filed this action while detained in Lee County Jail. United States Magistrate Judge Nicholas Mizell granted Terrell leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Terrell must correct certain deficiencies in her Complaint before the Court can conduct a meaningful review. First, the Complaint does not comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This rule is important. It enables defendants

to respond to each factual claim, which alerts the court and the parties to the factual claims that are in dispute. Terrell presents her claims in a mostly unbroken narrative. To proceed with this action, Terrell must organize her factual allegations into separate, numbered paragraphs as required by Rule 10.

Second, the Complaint asserts unrelated claims against multiple defendants. Terrell's claims cannot be joined together in a single action because they did not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, 2:18-CV-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017). As the Seventh Circuit observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

To continue this action, Terrell must file an amended complaint that states her factual allegations in separate, numbered paragraphs. Terrell's claims against each of the four defendants appear to arise from separate incidents, so she can only pursue one in this action. To pursue more than one unrelated claim, Terrell must file separate complaints.

Accordingly, it is now

**ORDERED:**

Plaintiff Chantea Tamika Terrell's Complaint (Doc. 1) is **DISMISSED without prejudice**.  Terrell may file an amended complaint by **April 8, 2024. Otherwise, the Court will enter judgment and close this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on March 7, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record